```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

RICHARD W. DEHAAN,              *

     Plaintiff,                 *

vs.                             *     CASE NO. 4:12-CV-06 (CDL)

UROLOGY CENTER OF COLUMBUS, LLC *
and WILLIAM M. HARPER, IV,
                                *
     Defendants.
                                *
```

O R D E R

Plaintiff Richard Dehaan ("Dehaan") was an employee of Defendant Urology Center of Columbus, LLC ("Urology Center"), and Defendant Dr. William M. Harper, IV ("Harper") was Urology Center's president and CEO.  Dehaan asserts that Urology Center and Harper subjected him to a hostile work environment and terminated his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*  Dehaan also contends that Urology Center negligently supervised and negligently retained Harper and that Harper intentionally inflicted emotional distress on Dehaan.  Presently pending before the Court is Harper's Motion to Dismiss (ECF No. 3).  Harper seeks dismissal of Dehaan's Title VII claims against him.  Harper also seeks dismissal of Dehaan's negligent supervision and negligent retention claims against Urology Center.  For the reasons set forth below, Harper's motion to dismiss is granted.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

RELEVANT FACTUAL ALLEGATIONS

Dehaan was employed by Urology Center as "Practice Advisor and Consultant to Dr. William Harper." Compl. ¶ 4, ECF No. 1-2. During the relevant timeframe, Harper was president and CEO of

2

Urology Center and had authority to hire, fire and discipline employees. *Id.* ¶ 6. Deehan alleges that Harper's relationship with another Urology Center employee "fostered discriminatory promotion and pay practices, and created a hostile work environment." *Id.* ¶¶ 9-10. Dehaan complained to Dr. Sean Castellucci, chairman of Urology Center's Compliance Committee, about the situation. *Id.* ¶ 12-13. According to Plaintiff, when Dehaan and Castellucci confronted Harper about the situation, "Harper became extremely indignant and began screaming, yelling and cursing at [Dehaan], accusing [Dehaan] of disloyalty, interfering in his personal affairs, and threatening [Dehaan] with physical harm." *Id.* ¶ 17. Dehaan's employment was then terminated. *Id.* Dehaan contends that Harper's actions "caused him extreme stress resulting in a heart attack." *Id.* ¶ 19.

Dehaan brought a six count Complaint against Harper and Urology Center. Counts I and II allege that Urology Center and Harper are liable under Title VII for creating a hostile work environment and for retaliation. *Id.* ¶¶ 23-33. Count III alleges that Harper subjected Dehaan to intentional infliction of emotional distress. *Id.* ¶¶ 35-46. Counts IV and V allege that Urology Center negligently supervised and retained Harper and that Urology Center's negligent supervision and retention resulted in Dehaan's termination. *Id.* ¶¶ 48-55. Count VI seeks punitive damages. *Id.* ¶¶ 67-68.

DISCUSSION

Harper seeks dismissal of Counts I, II, IV and V.  He contends that he cannot be held liable under Title VII because he was not Plaintiff's employer and that Dehaan's state law claims for negligent supervision and negligent retention must be dismissed because they fail to state claims upon which relief may be granted.  The Court addresses each issue in turn.

**I.   Dehaan's Title VII Claims Against Harper**

A Title VII claim may be brought only against an "employer." 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); *accord Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam).  Dehaan's employer was Urology Center and not Harper.  Therefore, Dehaan's Title VII claims against Harper must be dismissed.

The Court rejects Plaintiff's contention that the Court should also consider Harper to be his employer because Harper was the sole owner of Urology Center, with "operational control of the business and employee supervision."  Compl. ¶ 7.  The Eleventh Circuit Court of Appeals rejected a similar contention in *Dearth*. In *Dearth*, an employee claimed that she was sexually harassed by her supervisor, who was also the president, director and sole shareholder of the company.  *Id.* at 932.  The employee sought to recover under Title VII against the supervisor in his individual capacity, and the Eleventh Circuit rejected the claim because "relief under Title VII is available against only the employer and

4

not against individual employees whose actions would constitute a violation of the Act." *Id.* at 933. This case is indistinguishable from *Dearth*, and the Court therefore cannot find that Harper was Dehaan's "employer" within the meaning of Title VII. Accordingly, Dehaan's Title VII claims against Harper fail, and Harper is entitled to dismissal of those claims.

## II.  Dehaan's Negligent Supervision and Retention Claims

"A claim for negligent hiring, retention or supervision brought pursuant to Georgia law arises when an employer negligently hires, retains or supervises an employee and that employee subsequently harms the plaintiff." *Farrell v. Time Serv., Inc.*, 178 F. Supp. 2d 1295, 1300 (N.D. Ga. 2001) (internal quotation marks omitted). To establish a negligent retention or supervision claim, the plaintiff must show that the employer knew or should have known it was "foreseeable from the employee's tendencies or propensities that the employee could cause the type of harm sustained by the plaintiff." *Drury v. Harris Ventures, Inc.*, 302 Ga. App. 545, 548, 691 S.E.2d 356, 359 (2010) (internal quotation marks omitted); *accord Novare Grp., Inc. v. Sarif*, 290 Ga. 186, 190-91, 718 S.E.2d 304, 309 (2011).

Dehaan's negligent supervision and retention claims arise from allegations that Harper screamed and cursed at Dehaan, berated Dehaan in front of a co-worker, threatened Dehaan with physical harm, and terminated Dehaan's employment. Compl. ¶¶ 17,

5

40.  Dehaan has not, however, alleged that Harper had a propensity to engage in such outbursts or that Urology Center knew or should have known about such a propensity.  Dehaan alleges that the outburst occurred when he confronted Harper about Harper's relationship with another employee, and he contends it was "foreseeable" that Harper would engage in abusive behavior toward an employee who confronted Harper about such situations.  However, Plaintiff's Complaint does not contain any factual allegations supporting this assertion.  For these reasons, the Court concludes that Dehaan's Complaint fails to state a claim for negligent supervision and negligent retention.

## CONCLUSION

As discussed above, Counts I and II against Harper are dismissed because Harper was not Dehaan's employer within the meaning of Title VII.  Counts IV and V are dismissed because Dehaan's Complaint fails to state a claim for negligent supervision and negligent retention.  Counts III and VI remain pending against Harper and Urology Center, and Counts I and II remain pending against Urology Center.

IT IS SO ORDERED, this 16th day of April, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
