```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

RICHARD W. DEHAAN,               *

     Plaintiff,                  *

vs.                              *     CASE NO. 4:12-CV-6 (CDL)

UROLOGY CENTER OF COLUMBUS LLC   *
and WILLIAM M. HARPER, IV,
                                 *
     Defendants.
                                 *
```

O R D E R

Plaintiff Richard Dehaan ("Dehaan") is a former employee of Defendant Urology Center of Columbus, LLC ("Urology Center"). Dehaan contends that Urology Center's CEO, Defendant William M. Harper, IV ("Harper") subjected him to a hostile work environment and terminated his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Harper brought a counterclaim against Dehaan for slander, contending that Dehaan circulated false statements about Harper.

Dehaan seeks to depose a former Urology Center employee, and Defendants filed a Motion for Protective Order (ECF Nos. 22 & 23) to prevent that deposition. As discussed in more detail below, that motion is denied. Dehaan also contends that Defendants did not adequately respond to his discovery requests, and he filed a Motion to Compel (ECF No. 27). For the reasons set forth below, that motion is denied. Finally, Dehaan filed a Motion to Extend

Deadlines (ECF No. 26). As discussed below, that motion is granted to the extent set forth in this Order.

## DISCUSSION

**I. Defendants' Motion for Protective Order**

Dehaan seeks to depose Katherine Lashley ("Lashley"), a former employee of Urology Center. The parties seem to agree that the deposition would focus on Lashley's personal knowledge of Harper's alleged inappropriate relationships with certain Urology Center employees. Defendants argue that this evidence is not discoverable because it is not relevant to Dehaan's Title VII claims. Dehaan, however, contends that such evidence is relevant to his defense to Harper's slander counterclaim, which is based on Dehaan's dissemination of statements regarding Harper's alleged inappropriate relationships with certain Urology Center employees.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Any testimony regarding the existence (or nonexistence) of Dr. Harper's alleged inappropriate relationships with Urology Center employees is certainly relevant to Harper's slander counterclaim. Though Defendants assert that they are confident that Lashley would deny any personal knowledge of any inappropriate relationships between Harper and any Urology Center employee, Deehan is not required to accept their assurances. The Court finds that Dehaan should be

permitted to depose Lashley.  Therefore, Defendants' Motion for Protective Order is denied.

## II.  Dehaan's Motion to Compel

In his Motion to Compel, Dehaan claims that Defendants did not adequately respond to Dehaan's First Interrogatories and First Request for Production of Documents.  Dehaan contends that Defendants asserted inappropriate objections, that Defendants' responses were incomplete and evasive, and that Defendants did not respond to Dehaan's written demand that Defendants supplement their discovery responses.  Defendants argue that they have produced all discoverable and non-privileged documents responsive to Dehaan's document requests.

Under Federal Rule of Civil Procedure 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Such a motion may be made if a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33 or fails to produce documents in accordance with Federal Rule of Civil Procedure 34.  Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Furthermore, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Implicit in this rule is the principle that a party who files a motion to compel must establish that the other party actually failed to respond to the discovery requests.  Moreover,

3

the moving party must inform the Court of the basis for its contention that the production of discoverable evidence should be compelled.  Mere conclusory allegations that the opposing party has failed to comply with its discovery obligations do not provide the Court with adequate information upon which the Court can make a determination as to whether a party should be compelled to do more than the party has already done.

Dehaan contends that Defendants' objections to his interrogatories were inappropriate, but he does not specify which objections are inappropriate and why.  Likewise, the Court cannot determine whether Defendants' interrogatory responses were incomplete and evasive as Dehaan argues because Dehaan did not even provide the Court with a copy of those interrogatory responses.  The Court is not required to do a party's work for him.  If a party fails to make the effort to demonstrate to the Court the basis for his motion, then that party's motion will not be rescued by the Court.  Dehaan has failed to carry his burden of demonstrating that his motion to compel interrogatory responses should be granted.  Accordingly, it is denied.

Regarding Defendants' document production, Dehaan in his initial Motion to Compel argued that Defendants "failed to respond or provide documentation for Requests 1, 3, 4, 5, 6, 7, 13, and 14."  Pl.'s Mot. to Compel Disc. ¶ 4, ECF No. 27.  Dehaan did not provide the Court with any indication of whether Defendants made

4

objections based on privilege, irrelevance, or some other legitimate grounds or whether Defendant responded that no such documents were in its possession, custody, or control.  Again, Defendants argue that they have produced all discoverable and non-privileged documents responsive to Dehaan's document requests.  In his reply brief, Dehaan specifically requested several documents, including a confidential settlement demand made by a former Urology Center employee and any witness statements prepared at Defendants' request regarding Dehaan.  Pl.'s Reply Br. in Supp. of Mot. to Compel 5-6, ECF No. 39.  Dehaan did not, however, state why these documents are discoverable.  He also did not explain to the Court whether Defendants have objected to producing these documents.  And, because Dehaan did not provide this list of documents until he filed his reply brief, Defendants did not have an opportunity to respond to it either (a) explaining their objections or (b) stating that the documents would be produced.  Simply put, the Court cannot determine based on the bare-bones record before it whether Defendants actually failed to respond to Dehaan's document requests.

Motions to compel are not vehicles for a party to pass along a discovery dispute to the Court for resolution.  A party who is dissatisfied with an opponent's discovery responses must spell out specifically the discovery that he seeks to have compelled and the legal basis supporting such relief.  Dehaan's Motion to Compel

5

does not meet the minimal standard necessary for invoking the power of the Court to obtain discovery. Accordingly, Dehaan's Motion to Compel must be denied.

### III. Dehaan's Motion for Extension of Deadlines

Dehaan moved for an extension of discovery and other deadlines. Discovery closed on December 31, 2012, and dispositive motions were due on or before February 13, 2013. Deehaan, however, was unable to depose Lashley during the discovery period. The Court orders that discovery be reopened until March 22, 2013 for the limited purpose of permitting Lashley's deposition. The parties shall confer with each other and with Lashley's attorney to determine a mutually agreeable date and time for Lashley's deposition. The deadline for Dehaan's response to Defendants' summary judgment motion, which was filed on February 13, 2013, shall be stayed until April 22, 2013. No further extensions shall be permitted.

### CONCLUSION

As discussed above, Defendants' Motion for Protective Order (ECF Nos. 22 & 23) is denied. Dehaan's Motion to Compel (ECF No. 27) is denied. Dehaan's Motion to Extend Deadlines (ECF No. 26) is granted to the extent set forth in this Order.

IT IS SO ORDERED, this 21st day of February, 2013.

S/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE