```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

RICHARD W. DEHAAN,              *
      Plaintiff,                *
vs.                             *      CASE NO. 4:12-CV-6 (CDL)
UROLOGY CENTER OF COLUMBUS LLC  *
and WILLIAM M. HARPER, IV,
                                *
      Defendants.
                                *
```

O R D E R

Plaintiff Richard Dehaan ("Dehaan") is a former employee of Defendant Urology Center of Columbus, LLC ("Urology Center"). Dehaan contends that Urology Center's CEO, Defendant William M. Harper, IV, MD ("Harper") subjected him to a hostile work environment and terminated his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Dehaan also claims that Harper and Urology Center committed the state law tort of intentional infliction of emotional distress. Dehaan's Title VII claims are rooted in his allegation that Harper had consensual relationships with female employees. Harper adamantly denies this allegation. Dehaan contends that these alleged relationships "were offensive to male and female workers and constituted a hostile work environment for all employees." Pl.'s Br. in Resp. to Defs.' Mot. for Summ. J. 5, ECF No. 49. Even if this conduct occurred,

which the Court must assume for purposes of the present motion, the alleged conduct did not create a hostile work environment *because of* sex/gender, and Dehaan's Title VII claims therefore fail. Furthermore, because Harper's alleged conduct did not rise to the level of intentional infliction of emotional distress under Georgia law, that claim fails, as well. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 42) is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Urology Center is a medical practice, and Harper is responsible for its operations. In 2009, Harper hired Dehaan as

2

a consultant and advisor for Urology Center. Dehaan asserts that Harper engaged in consensual sexual relationships with female Urology Center employees.[1] On January 17, 2010, Dehaan met with Harper at the Urology Center office. During the meeting, Dehaan confronted Harper regarding the alleged relationships with female employees, asserting that the alleged relationships were adversely affecting the practice and creating a hostile work environment for employees. Dehaan contends that Harper screamed and cursed at Dehaan, accusing Dehaan of disloyalty and interfering in Harper's personal affairs. Dehaan also asserts that Harper, wielding an umbrella, threatened him with physical harm. The next day, Dehaan was locked out of the office. Shortly thereafter, Dehaan received a letter confirming his termination.[2]

---

[1] Harper adamantly denies having any consensual sexual relationships with his female employees, but the Court must view the evidence in the light most favorable to Dehaan for purposes of summary judgment.

[2] Defendants pointed to evidence that Harper decided to eliminate Dehaan's position in December 2010. Harper Dep. 95:7-12, ECF No. 35. In addition, Defendants pointed to evidence that Harper told Dehaan on January 13, 2011 and again on January 14, 2011 that his employment was terminated. *Id.* at 79:14-81:22. Dehaan apparently did not understand that Harper had terminated his employment until Dehaan was locked out of the office on January 18, 2011. Defendants have articulated legitimate non-discriminatory reasons for terminating Dehaan, but those reasons are not relevant to the grounds upon which today's ruling is based.

DISCUSSION

I. **Hostile Work Environment Claim**

To be actionable under Title VII, a hostile work environment must be *because of* a protected trait, such as sex/gender. *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1301-02 (11th Cir. 2007). Because a hostile work environment claim is a type of disparate treatment claim, a plaintiff seeking to prevail on a hostile work environment theory "must show that similarly situated persons not of [his] sex were treated differently and better." *Id.* at 1302 (internal quotation marks omitted). "An equal opportunity [harasser] does not violate a statute whose concern is, as the Supreme Court has phrased it, 'whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" *Id.* (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).

Dehaan's Title VII hostile work environment claim against Urology Center is based on his assertion that Harper had consensual relationships with certain employees that "were offensive to male and female workers and constituted a hostile work environment for all employees." Pl.'s Br. in Resp. to Defs.' Mot. for Summ. J. 5. Because Dehaan contends that Harper's alleged conduct created a hostile work environment for both men and women, Dehaan has failed to establish that Harper

4

created a hostile work environment "because of" Dehaan's sex. *See Womak v. Runyon*, 147 F.3d 1298, 1300 (11th Cir. 1998) (per curiam) (rejecting sex discrimination failure to promote claim because preference for paramour is gender neutral); *Sherk v. Adesa Atlanta, LLC*, 432 F. Supp. 2d 1358, 1370-71 (N.D. Ga. 2006) (collecting cases explaining that favoritism of a paramour is gender neutral). It does not matter that Harper's alleged paramours were all female. The significant factor is that this conduct, according to Dehaan, equally offended both male and female employees creating a hostile work environment for all employees regardless of their gender. Urology Center is therefore entitled to summary judgment on Dehaan's Title VII hostile work environment claim.

## II.  Retaliation Claim

To state a claim for retaliation under Title VII, Dehaan must show that: "(1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the [two]." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010). Dehaan contends that he engaged in protected activity when he complained to Harper about the alleged hostile work environment on January 17, 2011. "Even if an employment practice is not as a matter of fact unlawful, a plaintiff can establish a prima facie case of Title VII retaliation if he shows that he had a

5

*good faith, reasonable belief* that the employer was engaged in unlawful employment practices. . . ." *Dixon v. The Hallmark Cos.*, 627 F.3d 849, 857 (11th Cir. 2010) (emphasis added) (internal quotation marks omitted). Dehaan "must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented." *Id.* (internal quotation marks omitted).

Here, even if Dehaan subjectively believed that his employer engaged in unlawful employment practices, it is clear that such a belief was not objectively reasonable. As discussed above, favoritism of a paramour is gender neutral, so Dehaan could not objectively believe that any hostile work environment created by Harper's alleged consensual relationships with other employees was actionable under Title VII. *See Sherk*, 432 F. Supp. 2d at 1371 ("[T]he unanimity with which the courts have declared favoritism of a paramour to be gender-neutral belies the reasonableness of Plaintiff's belief that such favoritism created a hostile work environment."). Therefore, Dehaan's retaliation claim fails.

### III. Intentional Infliction of Emotional Distress Claim

In addition to his Title VII claims against Urology Center, Dehaan asserts an intentional infliction of emotional distress claim against Urology Center and Harper. To prevail on this

claim, Dehaan must establish "(1) intentional or reckless conduct; (2) that is extreme and outrageous; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress." *Ferrell v. Mikula*, 295 Ga. App. 326, 333, 672 S.E.2d 7, 13 (2008).

The Court cannot conclude that Harper's single alleged outburst on January 17, 2011—which included yelling, cursing, and a threat of physical harm—was so outrageous that it gives rise to a claim for intentional infliction of emotional distress. Furthermore, though Dehaan asserts that he felt anger, disappointment and fright during the January 17, 2011 meeting, he did not point to any evidence that he suffered severe emotional distress. For these reasons, Urology Center and Harper are entitled to summary judgment on Dehaan's intentional infliction of emotional distress claim.

## CONCLUSION

As discussed above, Defendants' Motion for Summary Judgment (ECF No. 42) is granted.

IT IS SO ORDERED, this 25th day of June, 2013.

S/Clay D. Land<br>CLAY D. LAND<br>UNITED STATES DISTRICT JUDGE